UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ELK GROVE, et al.,<br><br>    Defendants. | No.  2:24-cv-2456 DC AC PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

  A.  Standards

    The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

B.  The Complaint

Plaintiff brings suit against the City of Elk Grove, City Attorneys Jonathan Hobbs and Suzanne Kennedy, and Receiver Gerard F. Keena. The factual allegations of the complaint are difficult to follow. Petitioner alleges that he was convicted in 2020 "for a non-crime, rare, false and fabricated charges based on false and fabricated testimonies only." ECF No. 1 at 2. Plaintiff was criminally charged with "offering for filing false proofs of service with the Court." Id. At

plaintiff's criminal trial, the city attorneys misrepresented to the court that they were entitled to attorney's fees—presumably in relation to a prior civil proceeding involving the City. As a result of this false testimony, plaintiff spent 12 years in prison, during which time plaintiff's property was taken by the receiver who conspired with the City Attorneys. Id. It appears that the appointment of a receiver was related to a nuisance abatement action; the complaint cites to Cal. Health & Safety Code §§ 17980-17980.9 and alleges that receivers may abate cited defects only after notice to all parties, which plaintiff did not receive. Id. The court concludes from these allegations that plaintiff was the owner of real property in Elk Grove that became the subject of a abatement action, that he ultimately lost his property as a result, and that he was criminally charged and convicted for actions taken in relation to the abatement proceeding.

Plaintiff also makes many general assertions that the City of Elk Grove unfairly and illegally prosecutes and terrorizes minorities. Id. at 1-2. For example, plaintiff alleges that "defendants caused killings, suicides and terror also among minorities[;] defendants robbed minorities and caused breakdown of the state judicial system." Id. at 1 (capitalization removed). The complaint alleges that the City "adopted stated grossly illegal and unconstitutional practices, customs and policies which are contrary to the public policies also." Id. at 2.

C. Analysis

1. The Individual Defendants Are All Immune From Suit

Defendants Hobbs and Kennedy are alleged to have violated plaintiff's rights by testifying falsely against him, resulting in a wrongful conviction. However, witnesses are accorded absolute immunity from civil liability for their testimony in judicial proceedings. Briscoe v. LaHue, 460 U.S. 325, 335-56 (1983). Hobbs and Kennedy are therefore immune from suit.[1]

Court appointed receivers are entitled to quasi-judicial immunity. New Alaska Dev. Corp.

---

[1] To the extent that plaintiff's theory for relief implies the invalidity of his criminal conviction, his claim are also barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence has already been invalidated. Id. at 487. Plaintiff's allegations strongly imply the invalidity of his conviction. Even if defendants Hobbs and Kennedy were not immune from suit, claims arising from their allegedly false testimony would be barred by the Heck doctrine.

3

v. Guetschow, 869 F.2d 1298, 1303 (9th Cir. 1989).  Accordingly, as a court appointed receiver, defendant Keena is not subject to suit for his actions related to plaintiff's property.[2]

    Because all three individual defendants are immune from suit, they must be dismissed.

    2. <u>Plaintiff Cannot Bring Claims Based on Wrongs to Others</u>

  The complaint makes generalized assertions that the City of Elk Grove and its representatives are engaged in illegal discrimination and are terrorizing minorities.  ECF No. 1 at 1.  To the extent plaintiff seeks redress for general practices that he considers illegal, and for harms to minority groups, he cannot do so.  Individual plaintiffs can pursue relief only for actual harms done to themselves.  See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (standing to sue requires an "injury in fact").  And as a pro se litigant, plaintiff may plead only his own case.  <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir. 1966); <u>see also</u>, <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962) (a pro se litigant cannot represent anyone other than himself).  Accordingly, plaintiff may not proceed on claims that the City is harming minority groups or their members generally.

    3. <u>The Complaint Fails to State a Claim Against the City of Elk Grove</u>

  A municipality cannot be held liable under § 1983 for the acts of its employees and officials.  <u>Board of County Com'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 403 (1997) (no vicarious liability under § 1983).  Local governments are responsible only for "their *own* illegal acts."  <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 479 (1986) (emphasis in original).  Municipal liability is therefore limited to harms caused by an official municipal policy, or a custom or practice of the entity that has the force of policy.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690-91 (1978).  Plaintiff must plead and ultimately prove that he suffered a constitutional injury that was caused by the offending municipal policy.  <u>Connick v. Thompson</u>, 563 U.S. 51, 60-61 (2011).

---

[2] Plaintiff alleges that Keena was "selected by City Attorneys," ECF No. 1 at 2, but under Cal. Health & Safety Code § 17980.1(c), receivers are appointed by the court on application of a municipal enforcement agency when a property owner has not complied with an order of abatement.  The statute expressly provides for the enforcement agency to propose a receiver, but appointment is a judicial decision.  See § 17980.1(b)-(g).

Plaintiff's generalized allegations of illegal conduct are insufficient to state a claim. The complaint does not contain facts that plausibly demonstrate any constitutional injury to plaintiff, or the existence of any municipal policy that caused the perceived wrongs of which he complains. Plaintiff's use of the phrase "unconstitutional practices, customs and policies" does not help. See Iqbal, 556 U.S. at 678 (formulaic recitation of the elements of a cause of action does not suffice to state a claim); see also Gonzalez v. County of Merced, 289 F. Supp. 3d 1094, 1113 (E.D. Cal. 2017) ("Since Iqbal, courts have rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability"); Via v. City of Fairfield, 833 F.Supp.2d 1189, 1196 (E.D. Cal. 2011) (holding that merely reciting the general standards giving rise to municipal liability under § 1983 is insufficient to state a Monell claim). The complaint contains no factual content from which one could plausibly infer Monell liability. Accordingly, all putative claims against the City of Elk Grove must be dismissed.

## II. Leave to Amend is Not Appropriate

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). Here, the deficiencies of the complaint cannot be cured by amendment. All three individual defendants are absolutely immune from liability under § 1983. Plaintiff's putative claims against the City could not be cured by amendment to the extent that they rely on alleged unlawful acts of the individual defendants, because there is no *respondeat superior* liability under § 1983. The allegations before the court do not suggest any plausible basis for Monell liability. Both the nature of plaintiff's apparent grievances with the City and the contents of the complaint as a whole persuade the undersigned that amendment would be futile. Accordingly, dismissal should be without leave to amend.

## III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed, for several reasons. You cannot sue the City Attorneys for giving false testimony, because witnesses are immune

from suit.  You cannot bring civil rights claims that imply you were wrongfully convicted, unless you have already had your conviction overturned.  You cannot sue a receiver appointed under the Health and Safety Code, because receivers are immune from suit.  Your complaint includes no basis for any claim against the City.  And, finally, you can only sue over things that happened personally to you.  The court cannot provide legal relief for general claims of discrimination against all minorities.  You have 21 days to object to this recommendation if you wish to do so.  The District Judge will make the final decision.

### IV.  Conclusion

For the reasons explained above, it is HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

It is FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  November 7, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE